# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

| | |
|---|---|
| IN RE:<br>BETTIE G HOPKINS<br><br>                      DEBTOR. | CHAPTER    13<br><br>CASE NO.    18-36025-KRH<br><br>JUDGE:    KEVIN R. HUENNEKENS |
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT-V<br>                      MOVANT,<br>V.<br>BETTIE G HOPKINS<br>                      DEBTOR<br><br>PAMELA D. HOPKINS<br>                      CO-DEBTOR<br><br>CARL M. BATES<br>P.O. Box 1819<br>Richmond, VA 23218<br>                      TRUSTEE,<br><br>                      RESPONDENTS. | |

## **CONSENT ORDER MODIFYING AUTOMATIC STAY AND RESOLVING NOTICE OF DEFAULT**

    This matter is before the court on the Notice of Default filed by U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT-V, ("Movant") on October 31, 2022, for relief from the automatic stay with respect to the real property located at 2201 Seminary Avenue, Richmond, VA 23220 ("Property"), and is more particularly described as follows:

Todd Rich (VA Bar No. 74296)
McMichael Taylor Gray, LLC
3550 Engineering Dr. Suite 260
Peachtree Corners, GA 30092
470-289-4347  trich@mtglaw.com

ALL THAT CERTAIN PROPERTY LYING AND BEING IN THE CITY OF RICHMOND, VIRGINIA, DESIGNATED AS LOTS 18 AND 19, BLOCK 3, PLAN OF CHAMBERLAYNE COURT ADDITION, OR WILL MORE PARTICULARLY APPEAR FROM PLAT AS RECORDED IN THE CLERK'S OFFICE OF THE CHANCERY COURT OF THE CITY OF RICHMOND, VIRGINIA, IN PLAT BOOK 4, PAGE 184, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.

BEING ALL AND THE SAME LANDS AND PREMISES CONVEYED TO BETTIE G. HOPKINS AND PAMELA D. HOPKINS, AS JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP BY BETTIE G. HOPKINS IN A GIFT DEED EXECUTED 6/30/2006 AND RECORDED 7/25/2006 IN DOCUMENT NO. 060025336 OF THE RICHMOND CITY, VIRGINIA LAND RECORDS.

Upon consideration of which it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $975.68, as they become due commencing on May 1, 2023.

2. The debtor will cure the post-petition arrearage currently due to the Movant in the total amount of $8,418.78, which includes the regular contract payments from August 1, 2022, through March 1, 2023, of $917.90 each, the April 1, 2023, payment of $975.68, attorneys' fees of $100.00, and credit for funds in suspense of $0.10, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan") within twenty-one (21) days of the entry of this Order. The Movant is hereby authorized to file an Amended or Supplemental Proof of Claim to provide for the post-petition default and shall file the claim within sixty (60) days of the entry of this Order.

3. In the first paragraph of the Amended Plan, in the space provided therefore, the Amended Plan shall clearly set forth that the plan is being amended to include payment of post-petition mortgage arrearages and that general unsecured creditors may be affected by the modification. Consent by the Trustee to the proposed terms of this Order does not constitute consent to the terms any future amended plan, including the one contemplated herein, including, but not limited to, terms that propose to shorten the duration of the plan, lessen the amount of the plan payments, or decrease the plan base of the existing plan.

4. In the event that any payment required by this order is not received by the movant within 15 days after it is due, or if the Amended Plan is not timely filed, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid,

or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment, or filing the Amended Plan, required under this order:
    b. The dates and amount of each payment missed and any late change or other fees necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payment must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. Cure the default;
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.
    e. That if the debtor or trustee do not take one of the actions set forth in paragraph 4(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee do not take one of the actions set forth in paragraph 4(d), the movant may submit a certificate stating that it has complied with the terms of the order and that neither the debtor nor the trustee have taken one of the actions set forth in paragraph 4(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee file an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel, and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

5. The provisions of this order with respect to regular monthly payments and cure payments expire twelve (12) months after the date of the entry of this order. In the event of the default in payments of any regular monthly payment due more than twelve (12) months after the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

6. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not

constitute a waiver of any default.

7. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements, or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notices, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

8. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $100 for issuance of a notice of default, and an additional $100 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at Richmond, Virginia this day

Jun 9 2023

/s/ Kevin R Huennekens

United States Bankruptcy Judge

ENTERED ON DOCKET: Jun 13 2023

I ASK FOR THIS:

/s/ Todd Rich
Todd Rich
Virginia Bar No. 74296
3550 Engineering Dr., Suite 260
Peachtree Corners, GA 30092
470-289-4347
trich@mtglaw.com
*Attorney for Movant*

SEEN AND AGREED:

/s/ Kevette B. Elliott
Kevette B. Elliott
Elliott Law Office
Parham Park
8501 Mayland Dr. Ste. 104
Richmond, VA 23294
*Attorney for Debtor*

SEEN:

/s/ Carl M. Bates
Carl M. Bates
P.O. Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

## CERTIFICATION

The undersigned certifies that the foregoing Order is substantially in compliance with the form order required by Administrative Order 10-2.

/s/ Todd Rich
Attorney for Movant

## CERTIFICATION

The undersigned certifies, pursuant to Rule 9022-1(c) that all necessary parties have endorsed the foregoing Order and that the Order is ready for entry.

/s/ Todd Rich
Attorney for Movant

Will the clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Bettie G Hopkins
2201 Seminary Avenue
Richmond, VA 23220

Pamela D Hopkins
2201 Seminary Avenue
Richmond, VA 23220